LEMMON, Judge.
Plaintiff has appealed from a judgment which dismissed his suit for wages allegedly due him by defendants.
In 1963 plaintiff was appointed to the position of Secretary of the Board of Directors of the French Market Corporation, an agency of the City of New Orleans.[1] Plaintiff served in this position until his resignation in August, 1970, when the new Mayor made another appointment.
Although plaintiff insisted he was told he would receive a salary, he was not paid until October, 1969, pursuant to a November 12, 1969 resolution of the board to “give the Secretary of the Board a salary of $450.00 per month, retroactive to October 1, 1969.” He was paid the salary thereafter and ultimately filed this suit to recover wages for the period prior to October, 1969.
Thus, there was no express agreement to pay plaintiff a salary prior to October, 1969. The determinative issue is whether plaintiff proved an implied agreement for a salary.
The other directors and officers of the corporation received no salary. However, plaintiff argued that the preceding and succeeding corporate Secretaries received a salary and that the listings of positions in the City’s unclassified pay plan included the position of “Secretary, French Market Corp.”
The current market manager testified that the succeeding Secretary of the corporation was paid a salary (beginning a number of months after his appointment as corporate Secretary) pursuant to a contract with the City for additional services as Executive Secretary at a rate different from that in the pay plan.[2] The manager further testified that the position listed in the pay plan referred to an unclassified clerical secretary rather than to the corporate Secretary.
The record undoubtedly shows that plaintiff performed services on behalf of the corporation other than those normally performed by a board officer. The record, however, fails to show that plaintiff was promised payment for these services or that he requested any payment prior to November, 1969.[3]
The record further contains a note written by plaintiff to the bookkeeper, advising her that he had “decided to start accepting my legal compensation of $450.00 per month”, starting September, 1969. This letter indicates that prior to that note, plaintiff was apparently willing to work without pay for a political administration to which he was loyal.
We conclude, as did the trial judge, that plaintiff failed to prove an express or implied agreement, either at the time of his appointment or anytime thereafter until 1969, whereby the French Market Corporation or the City of New Orleans became obliged to pay him the salary demanded. The circumstances shown indicate the greater probability of a gratuitous intent to serve in that appointive office.
The judgment is affirmed.

. Plaintiff testified that the Mayor (the sole shareholder of the corporation) had appointed him to the board in July, 1961, concurrently with the change in administration, and several months later appointed him to the position of secretary.
The minutes of the June 21, 1963 meeting of the board indicate he was nominated and elected at that meeting.

. As to the preceding Secretary, a payroll list for November, 1960 contained the name of the person who held that office, but there was no further evidence as to any agreement or authority for payment of a salary to that person as corporate Secretary.

. There was no testimony by either the appointing mayor or any member of the board who served during plaintiff’s tenure.